**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ESTATE OF ABDALLAH EL DEEK, *et al.***

**Plaintiffs,**

**v.**

**Civil No. 1:23-CV-02241-CRC**

**THE ISLAMIC REPUBLIC OF IRAN, *et al.*,**

**Defendants.**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT SPECIAL MASTERS**

COME NOW, the Plaintiffs, by and through counsel, request that the Court appoint Irwin Weiss, Paul Griffin, and Judge William Nicklas as Special Masters for this action to review damages. Pending before this Court is Plaintiffs' Motion for Default Judgment and Judicial Notice for liability. If granted, the Court will have ruled that the Defendants are liable for damages in this action; therefore, in the interest of judicial economy and efficiency, Plaintiff's request that a Special Masters be appointed.

Pursuant to 28 U.S.C. 1605A(e)(1) and the Federal Rules of Civil Procedure 53(a), a Special Master shall be appointed by the Court to consider all issues related to compensatory damages as to each claim made by the Plaintiffs.

The Special Master can review all damages and recommend findings of fact on the scope of each Plaintiff's injuries pursuant to Fed. R. Civ. P. 53(a)(1)(B).

The Plaintiffs are requesting that the Court appoint Irwin Weiss, Paul Griffin, and Judge William Nicklas as the Special Masters in this case. The appointment of the Special Masters will

assist the Court in efficiently resolving claims in this case. Irwin Weiss, Paul Griffin, and Judge William Nicklas will be able to provide Special Master Reports on each of the twenty-nine claims made in this case within thirty days.

The Plaintiffs have attached an Administrative Plan that has been widely used within this Court in the past (See Exhibit A). Of course, the Judge has complete discretion in creating his or her own Administrative Plan regarding reviewing damages; therefore, the Plaintiffs will abide by the Judge's discretion in creating the Administrative Plan.

## I. Qualifications.

Pursuant to this Courts past Administrative Plans in Foreign Sovereign Immunity Act cases, the Special Master shall be a member of the bar of the highest court of a state of the United States or the District of Columbia; shall not have less than five years' experience as a practicing attorney or as a judge of the Court; shall not be related to any party or counsel appearing in this action; and shall not have any financial or other interest which would create a conflict of interest. (Fed. R. Civ. P. 53(a)(2). (Administrative Plan is attached as Exhibit A)

Irwin Weiss is an attorney who has been practicing for over 45 years as a member of the Maryland bar, both state and federal, in good standing and a member of the highest court of Maryland. Irwin has been very active in the Maryland Plaintiffs bar and has practiced in every court in Maryland and the District of Columbia. Currently Irwin has left the Plaintiffs bar and has been doing mediations as he has stepped closer to retirement. Irwin Weiss's curriculum vitae and declaration is attached as Exhibit B.

Paul Griffin has been practicing for 27 years as a member of the Maryland and District of Columbia Bar in good standing and is a member of the Bar of the Highest Court, the United States

Supreme Court. Paul has been appointed as a Special Master in Owens v. Islamic Republic of Iran and Peterson v. Islamic Republic of Iran, before this Court, before Judge Lamberth. Paul Griffin's curriculum vitae and declaration is attached as Exhibit C.

Judge William Nicklas has been practicing for over 45 years as a member of the Maryland bar in good standing, and the Bar of the Highest Court, the United States Supreme Court. Judge Nicklas is a Senior Judge sitting in Frederick, Montgomery, Howard, Carroll, Washington, and Allegheny Counties of Maryland. Judge Nicklas is overly qualified to serve as a Special Master. Judge Willliam Nicklas's curriculum vitae and declaration is attached as Exhibit D.

> Though the Court has determined that defendants are liable to plaintiffs under the FSIA, it also lacks evidence necessary to render an appropriate measure of damages.
> In determining the proper measure of damages, "[t]he courts of the United States may appoint special masters to hear damages claims brought under" the state-sponsored terrorism exception to the FSIA. 28 U.S.C. § 1605A(e)(1). Here, appointment of a special master would not impose undue expenses on any party and will not result in unreasonable delay—a prerequisite set forth in Fed.R.Civ.P. 53(a)(3). To the contrary, the use of special masters will affirmatively assist the Court in the efficient resolution of claims in this action.
>
> Fain v. Islamic Republic of Iran, 856 F. Supp. 2d 109, 125 (D.D.C. 2012)

Special Masters can consider all issues related to compensatory damages as to each Plaintiff. Special Masters have the authority, from this Court, to exercise all powers set forth in Fed. R. Civ. P. 53(c), including but not limited to the power to compel, take, and record evidence and to administer oaths. All testimony has been recorded and transcribed. In this case, all depositions have been taken by counsel, so the Special Master will be reviewing the depositions

and additional evidence to prove damages. Due to the fact that the Defendants have failed to appear in this matter, the depositions were not taken with Defendants identified.

The admissibility of the evidence is guided by the Federal Rules of Evidence.

## II. Compensation

Pursuant to 28 U.S.C. 1605(e)(1), Special Masters can be appointed, make recommendations regarding damages. The code also provides an avenue for compensation for these Special Masters:

> The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.
> 28 U.S.C. §1605A(e)(2)

These Special Masters are qualified, able, and interested in taking on the challenge of reviewing and analyzing the damages claims being made by the Plaintiffs. This is important and interesting work and Plaintiffs believe that in the interest of efficiency and economy of the Courts time, appointing these Special Masters to take on this duty is a win-win for all parties and the Court.

In conclusion, the Plaintiffs are requesting an order to appoint Irwin Weiss, Paul Griffin, and Judge William Nicklas as Special Masters to make reports and recommendations on damages.

Dated: August 6, 2025

Respectfully submitted,

FAY LAW GROUP, P.A.

//S//

Caragh Fay, Esq. (Unified Bar No. 16955)
6205 Executive Boulevard
Rockville, MD 20852-3906
Tel. (202) 589-1300
Fax: (202) 478-2196
*Counsel for Plaintiff's*

//s//

Molly Wolfe, Esq.
U.S.D.C.D.C. Bar No. 17846
6205 Executive Blvd.
Rockville, MD 20852
(202) 589-1300
molly.wolfe@faylawgroup.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August 2025, copies of the Motion to Appoint a Special Master, Memorandum in Support thereof, and attached exhibits were electronically sent to the counsel of record via the Court's ECF notification system.

______//s//________________________
Caragh Fay, Esq.